UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Dean Swanger, FCDC # 752950 (JCDC # 155909),<br><br>        Plaintiff,<br><br>vs.<br><br>Director Arthur S. Benjamin, *Jasper County Detention Center*;<br>Administration Jasper County Detention Center, *Jasper County Detention Center Administration*,<br><br>        Defendants. | **C/A No. 8:11-1389-RBH-JDA**<br><br>**Report and Recommendation** |

## *Background of this Case*

Plaintiff, according to information provided on page 2 of the Complaint, is a pre-trial detainee at the Jasper County Detention Center. Plaintiff indicates, however, that he is now at the Florence County Detention Center "under the term 'safekeeping.'" Plaintiff has brought suit, pursuant to 42 U.S.C. § 1983, against the Administrator and the Administration of the Jasper County Detention Center because the Jasper County Detention Center does not have a law library.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the Court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Even when considered under this less stringent standard, however, the § 1983 Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff's claims relating to the law library are foreclosed by circuit case law.  The United States Court of Appeals for the Fourth Circuit has ruled that the Constitution of the United States does not require every local jail even to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987).  The holding in *Magee v. Waters* is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'"  *Magee v. Waters*, 810 F.2d at 452.  *See also Cruz v. Hauck*, 515 F.2d 322, 331-33 (5th Cir. 1975).  In *Cruz v. Hauck*, the Court noted: "access to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of *the State*." 515 F.2d at 331 (emphasis added).

Moreover, Plaintiff has not alleged a specific injury from his lack of access to legal materials at the Jasper County Detention Center.  *See Magee v. Waters*, 810 F.2d at 452 (prisoner must show specific injury or actual harm from absence of law library when that prisoner was "housed only temporarily in a local jail"); and *Cruz v. Hauck*, 515 F.2d at 331-33 & nn. 16-18.  In other words, a plaintiff must show an "actual injury" resulting from the loss or absence of his or her legal materials.  *See Peterkin v. Jeffes*, 855 F.2d 1021, 1040-41 & nn. 24-25 (3rd Cir. 1988); and *Sands v. Lewis*, 886 F.2d 1166, 1170-71 (9th Cir. 1989) (collecting cases).[2]  *Cf. Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that prisoner must demonstrate that a non-frivolous legal claim had been frustrated or was

---

[2] *See also Harrell v. Keohane*, 621 F.2d 1059 (10th Cir. 1980), and *Twyman v. Crisp*, 584 F.2d 352 (10th Cir. 1978).

being impeded); and *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions).

Morever, the Public Index for the Jasper County Clerk of Court Office (http://www.jaspercourt.org/publicindex/PICaseDetails.aspx) indicates that, in Plaintiff's pending criminal case, *State v. Swanger*, Indictment No. 2009-GS-27-0368, Plaintiff has been charged with murder and is represented by Attorney Catherine D. Badgett of Ridgeland, South Carolina.  Since Plaintiff is represented by counsel in his pending criminal case, he has no need for a law library.  Moreover, under longstanding South Carolina case law, Plaintiff cannot file *pro se* motions (other than a motion to relieve counsel) in his pending criminal case.  *State v. Stuckey*, 333 S.C. 56, 508 S.E.2d 564 (1998).

Plaintiff's reliance on Minimum Standards for Local Detention Facilities in South Carolina is misplaced because violations of recommended standards do not establish a constitutional violation.  *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 391 n. 3 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 350 n.13 (1981) (recommendations by such organizations "may be helpful and relevant with respect to some questions, but 'they simply do not establish the constitutional minima; rather they establish goals recommended by the organization in question.'"); and *Bell v. Wolfish*, 441 U.S. 520, 544 n. 27 (1979).

Moreover, since Plaintiff is now at the Florence County Detention Center for "safekeeping," this case is moot insofar as Plaintiff's seeks a court order directing Defendants to provide him "legal assistance."  *See Incumaa v. Ozmint*, 507 F.3d 281, 286-

4

88 (4th Cir. 2007); *Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972); and *Inmates v. Sheriff Owens*, 561 F.2d 560, 562 (4th Cir. 1977). Mootness has been held to be a jurisdictional question in *North Carolina v. Rice*, 404 U.S. 244, 246-47 (1971). *See also Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974) ("Mootness can kill a lawsuit at any stage.").

Plaintiff is not entitled to attorney's fees in this case. *See, e.g.*, *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (*pro se* litigant, even if he or she is an attorney, cannot receive attorney's fees in a civil rights action).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Plaintiff's attention is directed to the Notice on the next page.

June 14, 2011  
Greenville, South Carolina

s/Jacquelyn D. Austin  
Jacquelyn D. Austin  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).